IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES R. WHITE, | : | CIVIL NO. 3:16-CV-0461 |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| WARDEN DAVID J. EBBERT, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, James R. White ("White"), an inmate currently confined at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on March 16, 2016. (Doc. 1). White claims that his due process rights were violated during the course of two separate prison disciplinary hearings held in August 2014, at the United States Penitentiary at Pollock ("USP-Pollock"), Louisiana. (Doc. 1, pp. 25, 37).

The petition is ripe for disposition. For the reasons set forth herein, the petition will be dismissed.

### I.     Factual Background

On August 12, 2014, White was charged in incident report 2616384 with "interfering with staff duties and destroying evidence during a search in violation of Prohibited Act Codes 198 and 115." (Doc. 1, pp. 37-39). A hearing before a disciplinary hearing officer ("DHO") was held on October 22, 2014. (Id. at 37). Following the hearing, the DHO found

that White committed Prohibited Act Code 115, Destroying Evidence during a Search, and Prohibited Act Code 307, Refusing to Obey an Order, and sanctioned him to thirty-one days of disciplinary segregation and nine days loss of phone and commissary privileges. (Id. at 39). The disciplinary proceeding did not result in the loss of good conduct time. (Id.).

On that same date, White was also charged in incident report 2616522 with possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any instrument used as a weapon in violation of Prohibited Act Code 104. (Id. at 25). The DHO hearing was held on October 22, 2014. (Id. at 28). The DHO concluded that White committed Prohibited Code Act 104, Possession of a Weapon, and sanctioned him to thirty days in disciplinary segregation and ninety days loss of Visiting and Trulincs privileges. (Id. at 29, 30). White was not sanctioned with the loss of good conduct time. (Id. at 30).

## II. Discussion

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. To invoke the Due Process Clause, a petitioner must first identify a liberty interest that has been

2

violated. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

White fails to set forth a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interests that are protected by the Due Process Clause. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). He did not lose good conduct time. Rather, he was sanctioned to temporary placement in disciplinary segregation, and the temporary loss of various privileges. These sanctions do not implicate protected liberty interests as they do not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. See, e.g., Robinson v. Norwood, 535 F. App'x. 81, 83 (3d Cir. 2013) (finding that placement in administrative segregation for days or months at a time does not implicate a protected liberty interest); Jones v. Thomas, No. 3:13-cv-3105, 2014 WL 3113420 (M.D. Pa. July 7, 2014) (concluding that temporary placement in disciplinary segregation, and temporary loss of commissary and telephone privileges do not implicate protected liberty interests); Ky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (holding that prisoners do not have a constitutionally protected interest in prison visitation). Because the sanctions imposed did not include a loss of good conduct time and, therefore, had no impact on the fact or length of his sentence or confinement, and, did

not impose an atypical and significant hardship on White, the petition is subject to dismissal. See Leamer, 288 F.3d at 540-42; Castillo v. FBOP FCI Fort Dix, 221 F. App'x. 172 (3d Cir. 2007).

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed. A separate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: May 26 , 2016